## BOAK et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 13, 1903.)

### No. 943.

1. CUSTOMS DUTIES—CLASSIFICATION—FOX BERRIES.

*Held*, that the expression, "berries, edible, in their natural condition," in paragraph 262, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], means berries which are in their natural condition as imported, and are edible either in that state or after cooking, and that fox berries imported in barrels filled with water are in their natural condition, and are included within said provision in paragraph 262, and not within paragraph 559 of said act, section 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1679], relating to "berries, green, ripe, or dried, * * * not specially provided for."

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The facts are stated in the opinion of the court.

William Brace, for appellants.

Albert H. Washburn, for appellee.

Before JENKINS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

GROSSCUP, Circuit Judge, delivered the opinion of the court.

This is an appeal, by the importers of merchandise known as fox berries, from the decree of the Circuit Court sustaining a decision of the Board of United States General Appraisers (Ga. 5142).

Fox berries grow on small bushes in mountainous regions in Norway, Sweden, Nova Scotia, and the Canadian provinces; and are utilized for sauce, tarts and pies, so resembling, both in appearance and uses, the cranberry, that they are sometimes called the hanging cranberry.

The fox berry is imported in casks filled with water. There is some contention in the record that the water carries a salt, thus making it a brine, but this is not satisfactorily shown. The function of the water is not to chemically change the berry, or to act as a preservative, but to furnish a cushion against the injuries incident to transportation, similar to that furnished by sawdust in the transportation of grapes. We are of the opinion that fox berries thus imported, are, within the meaning of the tariff act, imported "in their natural condition."

The importations in dispute were between November 17th, 1900, and November 18th, 1901, and were assessed for duty at one cent per quart under paragraph 262 (Act July 24, 1897, c. 11, § 1, Schedule G., 30 Stat. 171 [U. S. Comp. St. 1901, 1651]), which reads as follows:

"Apples, peaches, quinces, cherries, plums, and pears, green or ripe, twenty-five cents per bushel; apples, when dried, desiccated, evaporated or prepared in any manner, not especially provided for in this act, two cents per pound; berries, edible, in their natural condition, one cent per quart; cranberries, twenty-five per centum ad valorem."

The contention of the government is that the third clause of section 262 includes all edible berries, as distinguished from berries used for drugs, dyeing, &c.; and all berries imported in their natural condition, as distinguished from berries imported in a dried, evaporated, or other prepared, condition. If this interpretation of the clause is maintainable, the duty was correctly assessed by the Board of General Appraisers.

The contention of the importers is, that the third clause of section 262 embraces berries edible in their natural condition, as distinguished from berries edible only after cooking; but if this be rejected, and the clause interpreted to cover berries imported in their natural condition whether edible before cooking or not, the importations in question are not included, because, before being imported, they underwent a water treatment.

The use of water, as already indicated, was not in the nature of a chemical process to change the natural condition of the berries, but was a mechanical medium only, to secure the berries against crushing in transportation. The condition of the berries, as imported, was their natural condition. This disposes of the second contention.

Nor do we think that the third clause of section 262 was meant to be confined to berries edible only in their natural condition. The adjective is meant, in our opinion, to qualify the noun, so as to distinguish, generally, berries edible, from berries non-edible. The tariff act of 1897 opens with the general clause, that there shall be levied, collected and paid upon all articles imported from foreign countries, and mentioned in schedules therein contained, the rates of duties therein named; and then proceeds directly to the schedules, in each paragraph of which, for the sake of ready reference, the noun stands first with the qualifying words following. Thus, the first paragraph reads "Acids, acetic or pyroligneous * * *; boracic * * *; citric * * *"; &c., Coming to paragraph 262, the transposed form of expression continues: "Apples, peaches, * * * green or ripe * * *; apples, peaches * * * dried, desiccated, evaporated * * *; berries, edible, in their natural condition." In view of this studied transposition of nouns and adjectives in the tariff act, and reading the opening language of the act into paragraph 262, it would stand as if the language used were "edible berries imported in their natural condition." This disposes of the first contention.

Nor do we think that these importations are governed by paragraph 559 (section 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1679]), providing that fruits or berries, green, ripe, or dried, and fruits in brine, not specifically provided for, shall be put on the free list. Assuming that edible berries imported in their natural condition—the conclusion just stated—are within the meaning of paragraph 262, the importations in question are, by its express terms, excluded from paragraph 559.

The decree of the Circuit Court, sustaining the decision of the Board of General Appraisers, is affirmed.